UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

JOLIE MBAKU,

           Plaintiff,

v.

ADECCO USA, INC.; ADECCO EMPLOYMENT SERVICES, INC.; CHARLES SCHWAB & CO., INC.; CHARLES SCHWAB BANK; CHARLES SCHWAB BANK, NATIONAL ASSOCIATION; and, CHARLES SCHWAB INVESTMENT MANAGEMENT, INC.

           Defendants.

**NO.**

**COMPLAINT**

**JURY TRIAL DEMANDED**

## I.    INTRODUCTION

Plaintiff files this Complaint as a result of the discrimination incurred by her as a result of her age, race, ethnicity, and national origin, and seeks damages for the injuries she suffered as a result of the illegal conduct by the defendants, Adecco USA; Adecco Employment Services, Inc.; Charles Schwab & CO. Inc.; Charles Schwab Bank; Charles Schwab Bank, National Association; and, Charles Schwab Investment Management, Inc. (hereinafter collectively "Adecco/Charles Schwab" or "the Company").

COMPLAINT - 1

**HKM EMPLOYMENT ATTORNEYS LLP**
1444 Blake Street
Denver, Colorado 80202
(303) 883-6933

## II. NATURE OF ACTION

1. Plaintiff Jolie Mbaku is a citizen of the State of Colorado.

2. The Defendant, Adecco USA is a corporation with its principal place of business at: 10151 Deerwood Park Blvd., Bldg. 200, Ste. 400, Jacksonville, FL 32256. Adecco USA was Plaintiff's employer, as that term is defined by Title VII of the Civil Rights Act.

3. The Defendant, Adecco Employment Services, Inc., is a corporation with its principal place of business at: 175 Broad Hollen Road, Melville, NY 11747. Adecco Employment Services was Plaintiff's employer, as that term is defined by Title VII of the Civil Rights Act.

4. The Defendant, Charles Schwab & CO. Inc., is a corporation with its principal place of business at: 211 Main Street, San Francisco, CA 94105. Charles Schwab & CO. Inc. was Plaintiff's employer, as that term is defined by Title VII of the Civil Rights Act.

5. The Defendant, Charles Schwab Bank, is a corporation with its principal place of business at: 5190 Neil Road, Suite 100, Reno, NV 89502. Charles Schwab Bank was Plaintiff's employer, as that term is defined by Title VII of the Civil Rights Act.

6. The Defendant, Charles Schwab Bank, National Association, is a corporation with its principal place of business at: 5190 Neil Road, Suite 100, Reno, NV 89502. Charles Schwab Bank, National Association was Plaintiff's employer, as that term is defined by Title VII of the Civil Rights Act.

7. The Defendant, Charles Schwab Investment Management, Inc., is a corporation with its principal place of business at: 211 Main Street, San Francisco, CA 94105. Charles Schwab Investment Management, Inc. was Plaintiff's

employer, as that term is defined by Title VII of the Civil Rights Act.

### III.   JURISDICTION AND VENUE

8. Plaintiff filed a claim with the EEOC and received a right to sue on _____. Plaintiff seeks damages in excess of $75,000.

9. This Court has jurisdiction over this action pursuant to subject matter federal court jurisdiction, 28 U.S.C. § 1331 and diversity jurisdiction, 28 U.S.C. § 1332.

10. Venue is proper under 28 U.S.C. 1391(a)(2) because a substantial part of the events or omissions giving rise to this action occurred in Colorado.

### IV.   FACTUAL ALLEGATIONS

11. Plaintiff was employed by the Company from October 2014 to November 26, 2014. By all accounts, Plaintiff performed well while at the Company. She ultimately was constructively terminated due to the severe and pervasive discrimination she faced at work.

12. Plaintiff was a Customer Service Representative. During Plaintiff's time at the company, she was subjected to comments about her accent, her birthplace, and her nationality. Plaintiff was regularly tormented for not only the way she pronounced words but also the fact that her first language is French.

13. Plaintiff gave the Company notice of the discriminatory remarks and hostile work environment. The Company had a meeting with Plaintiff and Management.

14. Upon information and belief, no warnings were given to the individuals harassing Plaintiff and no reprimand or other corrective action was taken.

15. After the meeting with management, the situation escalated. Coworkers became worse to Plaintiff and threatened her safety, one stated that

COMPLAINT - 3

**HKM EMPLOYMENT ATTORNEYS LLP**
1444 Blake Street
Denver, Colorado 80202
(303) 883-6933

he had her personal information from Human Resources, has access to her address, her birthday, and other personal information. He further stated that he owns a gun and will come kill her.

16. Again, Plaintiff reported the incident to the Company. She let the Company know that she was being retaliated against for reporting the discrimination and that her life was threatened by a coworker. The Company took no action to correct the retaliatory treatment.

17. Faced with no other option, Plaintiff resigned.

18. As a result of the events described herein, Plaintiff has suffered economic and non-economic damages.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Constructive Termination)

19. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

20. By failing to respond properly to the discrimination faced by Plaintiff in the workplace, the Company constructively terminated Plaintiff.

### SECOND CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)

21. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

22. There is a strong public policy in Colorado against employment discrimination based on age, race, ethnicity, and national origin.

23. By constructively terminating Plaintiff due in all or in part to her age, race, ethnicity, and national origin, and in retaliation for bringing her complaints to the Company, the Company wrongfully terminated Plaintiff in violation of an important public policy of the State of Colorado.

COMPLAINT - 4

**HKM EMPLOYMENT ATTORNEYS LLP**
1444 Blake Street
Denver, Colorado 80202
(303) 883-6933

### THIRD CAUSE OF ACTION
### (Violation of OSHA, Retaliation)

24. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

25. The violent threats made against Plaintiff was a hazard or risk that existed in the workplace.

26. The violent threats made against Plaintiff in the workplace was a recognized risk.

27. The violent threats were an indicator of likely death or serious harm to Plaintiff.

28. The Company had feasible means of eliminating the or materially reducing the hazard to Plaintiff's health, yet the Company failed to do so.

29. The Company is liable for violating OSHA and by retaliating against Plaintiff for asserting her rights under OSHA.

### FOURTH CAUSE OF ACTION
### (Violation of Age Discrimination in Employment Actt)

30. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

31. Plaintiff was subject to a hostile work environment and wrongful termination based on Plaintiff's race.  Further, Plaintiff was subject to unlawful retaliation as a result of her opposing discriminatory practices based on age.

32. Further, based upon the above allegations, the Company violated her rights under Age Discrimination in Employment Act.

### FIFTH CAUSE OF ACTION
### (Violation of Title VII of the Civil Rights Act:
### Race, Ethnicity, Age, and National Origin Discrimination)

33. Plaintiff reasserts and realleges the allegations set forth in the above paragraphs.

COMPLAINT - 5

34. Plaintiff was subject to a hostile work environment and wrongful termination based on Plaintiff's race, age, ethnicity, and/or national origin. Further, Plaintiff was subject to unlawful retaliation as a result of her opposing discriminatory practices based on race, age, ethnicity and/or national origin.

35. Further, based upon the above allegations, the Company violated her rights under Title VII of the 1964 Civil Rights Act.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all others similarly situated, demand judgment against Defendants and pray for:

A. Compensatory and emotional distress damages;

B. Statutory penalties as permitted by law;

C. Reasonable attorneys' fees and the costs of this action as permitted by law;

D. Statutory prejudgment interest;

E. Punitive damages; and

F. Such other relief as this Court may deem just and proper.

## VII. JURY TRIAL DEMAND

Plaintiff Representative requests a trial by jury.

COMPLAINT - 6

**HKM EMPLOYMENT ATTORNEYS LLP**
1444 Blake Street
Denver, Colorado 80202
(303) 883-6933

Dated this

18th day of June, 2015.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: s/ Claire Munger
    Claire Munger

    Claire Munger
    HKM Employment Attorneys LLP
    1444 Blake Street
    Denver, Colorado 80202
    (303) 883-6933
    cmunger@hkm.com

    Attorneys for Plaintiff