**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-01301-PAB-NYW

JOLIE MBAKU,

                Plaintiff,

v.

ADECCO USA, INC.; and
CHARLES SCHWAB & CO., INC.,

                Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

    1.    <u>Definitions:</u>  For the purposes of this Stipulated Protective Order, the following definitions shall apply:

        a.    "Confidential" means consisting of, containing or Disclosing any Information that the Disclosing Party believes in good faith is entitled to confidential treatment.

        b.    "Confidential Material" means any Information, as defined below, designated as "Confidential" pursuant to the provisions of this Order.

        c.    "Disclose," "Disclosed," "Disclosure," or "Disclosing" means to reveal, divulge, give, or make available Information, or any part thereof.

        d.    "Disclosing Party" means any Party or non-Party who is requested to produce or produces Information containing Confidential Material.

1

e. "Hearing" means any hearing, presentation to or meeting with one or more of the appraisers appointed in the Proceeding or any court proceeding in connection with the Proceeding.

f. "Information" means any and all information, whether disclosed in writing, orally or otherwise, and includes: (a) documents, exhibits, and all written, recorded, graphic or electronically stored matters (and all identical and non-identical copies thereof) containing or derived from such information; (b) any copies, notes, abstracts, or complete or partial summaries of such information; and (c) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information.

g. "Order" means this Stipulated Protective Order.

h. "Proceeding" means the above-entitled proceeding.

i. "Receiving Party" means any Party or non-Party to whom documents or Information containing Confidential Material is provided.

2. Designation of Confidential Material

a. A Disclosing Party shall have the right to designate as "Confidential" any Information that the Disclosing Party believes, in good faith, <u>upon review and certification by counsel of record</u> contains and/or Discloses proprietary information, non-public business information, financial information, or personal medical information that is entitled to confidential treatment.

b. For Information in documentary form including emails or electronic documents attached to emails, the Disclosing Party must indicate that the document is "Confidential" by either (a) stamping or otherwise inscribing the words "CONFIDENTIAL" on

2

the document, or (b) providing written notice to the other Party or non-Party that a document or information contained in a document is "Confidential" and subject to the terms of this Stipulated Protective Order. If documents are made available for inspection prior to copies thereof being provided, the producing Party or non-Party shall have the option to require that all or batches of such documents be treated as "Confidential" during the inspection, and may make its confidentiality designations when copies are produced or furnished. Making documents or things available for inspection shall not constitute a waiver of any claim of confidentiality. If only portions of the Information or document warrant protection, the Disclosing Party, to the extent practicable, shall identify the "Confidential" portions.

    c.  For Information produced in some other form not discussed above, and for any other tangible items, including, without limitation, compact discs or DVDs, the Disclosing Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Disclosing Party, to the extent practicable, shall identify the "Confidential" portions.

    d.  For Information provided orally in argument, testimony or otherwise, if any, given in any Hearing, the Disclosing Party shall identify either (a) on the record before the close of the Hearing, or (b) within 20 days after receiving the transcript of such Hearing, all portions of the oral argument and/or testimony, if any, that it wants to designate as Confidential. Only those portions of the oral argument and/or testimony, if any, that are designated for protection during the Hearing, or within the 20 days after receipt of the transcript of such Hearing, shall be covered by the provisions of this Stipulated Protective Order. The court

reporter shall affix to the top or bottom of each page of a transcript containing Confidential Material the legend "CONFIDENTIAL" pursuant to a Disclosing Party's instructions.

3. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or any similar language by counsel or the parties is subject to protection under F.R.C.P. Rule 26(c) or otherwise until such time as the Court may make such a ruling.

4. Where Confidential Material is produced, provided or otherwise disclosed by a party, it will be designated in the following manner:

    a. By imprinting or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the page of any such document produced;

    b. By imprinting or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" next to or above any response to a discovery request seeking Confidential Material; and

    c. With respect to transcribed testimony or an accompanying exhibit, by giving written notice to opposing counsel designating such portions as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" no later than fourteen (14) days after the designating party's receipt of the transcribed testimony.

5. All documents or transcribed testimony designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be subject to the following restrictions:

      a.     It shall be used only for the purpose of this litigation and not for any other purpose whatsoever; and

      b.     It shall not be communicated or disclosed, either directly or indirectly, to any third person or entity, except as set forth in subparagraphs (i) – (v). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER":

      (i)     Counsel. Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of this action;

      (ii)     Parties. Named parties, current employees of any party, and persons who reasonably may be called as witnesses in this case or who may provide factual background or clarification to the matters pertinent to such documents;

      (iii)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

      (iv)     Consultants, Investigators and Experts. Consultants, investigators, or experts (collectively "Experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the affidavit attached as Exhibit A;

      (v)     Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the affidavit attached as Exhibit A.

6.     Individuals authorized to review Confidential Material pursuant to this Protective Order shall hold Confidential Material in confidence and shall not divulge the Confidential

Material, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

7. No copies of Confidential Material shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation. All copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter collectively "Copy" or "Copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER if the word does not already appear on the Copy. All such Copies shall thereafter be entitled to the protection of this Order. The term "Copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the Confidential Material contained in those documents.

8. During the pendency of this litigation, counsel shall retain custody of documents designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and Copies made therefrom pursuant to paragraph 7 above.

9. Notwithstanding any other provision in this Order, if any Party or non-Party believes that any document or other Information not designated as "Confidential" by the producing person should be so designated, the Receiving Party, shall make such production known to the producing party as soon as practicable. If the parties cannot agree that the inadvertently produced information should be returned to the producing party, and then produced

again with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," then the producing party shall file a motion with this Court seeking appropriate relief.

10. If opposing counsel objects to the designation of certain information as Confidential Material, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection. All counsel shall then, in good faith and on an informal basis, attempt to resolve the dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, the party asserting that the material should be treated as Confidential Material may move for an order so providing. Any such motion shall be filed within fourteen (14) days of receipt by counsel of notice of the opposing counsel's objection, and the information shall continue to have Confidential Material status from the time it is produced until the ruling by the Court on the motion.

11. In the event Confidential Material is used in any court filing, it shall not lose its confidential status as between the parties through such use. Confidential Material and pleadings or briefs quoting or discussing Confidential Material will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, except by court order ~~issued upon motion of the party seeking to file the documents under seal~~. In the event a party seeks to disclose the content of any material designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in any pleading, motion, deposition, transcript, exhibit or other document, the party shall be obligated to submit such pleading, motion, deposition, transcript, exhibit or other document via electronic filing with the following security level: "Restricted – Access to court, filing parties, served parties." <u>However, nothing in this order will be construed as an order of the court to restrict any information or document; such restriction must be sought</u>

by separate order in compliance with D.C.COLO.LCivR 7.2.~~The documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be preceded by a cover page stating~~:

> ~~The following is confidential: these documents are subject to a Protective Order in the case of *Jolie Mbaku v. Adecco USA, Inc., et al.*, Case Number 15-cv-01301, and are to be reviewed only by a Judge of this Court or their law clerks, or counsel and/or parties in this litigation.~~

12. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during any hearing or trial. However, if a party intends to present documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or information derived therefrom at a hearing or at trial, such party shall provide advance notice to the other parties at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates-Number, page range, deposition transcript lines, etc.) without divulging the actual documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or information derived therefrom.

13. Any party may remove the "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" designation from its own documents at any time by advising all parties so in writing.

14. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Material, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

16. Upon termination of this litigation, including any appeals, each party's counsel shall as soon as practicable thereafter either destroy or return all documents designated

"CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," including Copies, to the producing party unless the document has been entered into evidence or filed without restriction as to disclosure.

17. Nothing in this Order shall preclude any party from filing a motion seeking different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion as to the manner in which Confidential Material shall be treated at trial.

18. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

IT IS SO ORDERED

Dated this 6th day of April, 2016.

BY THE COURT:

s/ Nina Y. Wang

_____
Nina Y. Wang
United States Magistrate Judge

STIPULATED AND AGREED BY:

HKM EMPLOYMENT ATTORNEYS LLP

By: *s/ Claire E. Munger*
  Claire E. Munger (39504)
  Shelby Woods (48606)
  730 17th Street, Suite 900
  Denver, Colorado 80202
  Email: cmunger@hkm.com
         swoods@hkm.com
  *Attorneys for Plaintiff Jolie Mbaku*

ARNOLD & PORTER

By: *s/ Ed P. Aro*
  David Reis (CA -155782)
  Jenna L. Goldstein (46120)
  Edwin P. Aro (18698)
  370 Seventeenth Street, Suite 4400
  Denver, Colorado 80202-1370
  Email: david.reis@aporter.com
         jenna.goldstein@aporter.com
         ed.aro@aporter.com
  *Attorneys for Charles Schwab & Co., Inc.*

SMITH, GAMBRELL & RUSSELL, LLP

By: */s Matthew W. Clarke*
    Matthew W. Clarke (127430)
    Promenade, Suite 3100
    1230 Peachtree Street, NE
    Atlanta, Georgia  30309-3592
    Email:  mclarke@sgrlaw.com
    *Attorney for Adecco USA, Inc.*